UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE GONZALES, | Case No. 1:21-cv-00129-JLT-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND CASE TO COMMISSIONER[1] |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | FOURTEEN-DAY OBJECTION PERIOD |
| Defendant. | (Doc. No. 20) |

Hope Gonzales ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 20, 26-27). For the reasons set forth more fully below, the undersigned recommends the district court grant Plaintiff's motion for summary judgment and remand for further administrative proceedings.

**I.   JURISDICTION**

Plaintiff protectively filed for disability insurance benefits October 4, 2018, alleging an

---
[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

onset date of December 8, 2016.  (AR 171-74).  Benefits were denied initially (AR 90-94), and upon reconsideration (AR 98-103).  Plaintiff appeared before Administrative Law Judge Scot Septer ("ALJ") on August 20, 2020.  (AR 30-66).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  On September 4, 2020, the ALJ issued an unfavorable decision (AR 12-29), and on December 3, 2020 the Appeals Council denied review (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 52 years old at the time of the hearing.  (*See* AR 32).  She completed sixth grade.  (AR 39).  She lives alone.  (*Id*.).  Plaintiff has work history as a commercial cleaner.  (AR 39-41, 57).  Plaintiff testified that she stopped working because of a back injury sustained while working.  (AR 43).  She reported that she is unable to work now because she has to take regular breaks to lie down and rest her back.  (AR 48).  On an average day, her back pain is eight on a scale of one to ten, and it gets worse on some days.  (AR 51-52).  Plaintiff testified that she can stand for twenty to thirty minutes before she needs to sit down, she can sit for forty to forty-five minutes at a time, and she can lift less than five pounds.  (AR 50-51).  She lies down anywhere from six to seven times a day, for twenty minutes at a time.  (AR 53).

## III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

2

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*,

180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 8, 2016, the alleged onset date.  (AR 18).  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and obesity.  (AR 18).  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  (AR 19).  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b), except the claimant is frequently able to climb ramps and stairs and is occasionally able to climb ladders, ropes and/or scaffolds.  The claimant is frequently able to balance, kneel, and crawl and is occasionally able to crouch and stoop.

(AR 18).  At step four, the ALJ found that Plaintiff was unable to perform past relevant work.  (AR 23).  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.  (AR 24).  On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from December 8, 2016, through the date of the decision.  (AR 25).

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and
2. Whether the ALJ properly considered Plaintiff's subjective complaints.

(Doc. No. 20 at 8-12).

5

## VII.   DISCUSSION

**A. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical

6

opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id*. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ erroneously rejected the opinions of treating physicians, Rickie Dugal, M.D. and Dr. Farah N. Siddiqui, without proper evaluation. (Doc. No. 20 at 8-10). In connection with her worker's compensation claim, Plaintiff was treated multiple times by Dr. Dugal and Dr. Siddiqui, and placed on modified work duty. From October 2016 to March 2017, these providers consistently opined that Plaintiff was limited to no bending or stooping, and lifting, pulling, and pushing a maximum of ten pounds. (AR 427-30 (noting positive straight leg test), 488-89 (noting limited range of motion, tender paralumbar muscles, positive straight leg test), 512-13 (noting MRI confirmed L5-S1 disc protrusion with annular tear and referring Plaintiff to physiatry), 517-18 (noting limited range of motion, tender paralumbar muscles, positive straight leg test), 535-39 (noting limited range of motion, tender paralumbar muscles, positive straight leg test), 546-50, 567-69, 582, 586-91). The ALJ did not consider or evaluate the persuasiveness of these opinions with specificity; rather, the ALJ generally noted that he is

> mindful that [Plaintiff] has participated in the worker's compensation process, and that some of the medical evaluations are relevant in that they contain assessments that are useful for determining [Plaintiff's] functional ability, their administrative conclusions are different, as the two programs have different criteria for evaluation and policy

7

> goals. The Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency is not binding on this proceeding, and are not found to be persuasive. Nevertheless, it is noted that the restriction from heavy work and repetitive postural activities is consistent with my residual functional capacity determination that [Plaintiff] was capable of light work with limited postural activities as described.

(AR 21). Plaintiff argues this is not a "legally sufficient reason for rejecting a physician's opinion of functional limitations." (Doc. No. 20 at 9). The Court agrees.

As relevant to Plaintiff's worker's compensation-related records, 20 C.F.R. § 404.1504 provides:

> Other governmental agencies and nongovernmental entities—such as ... State agencies...—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. *However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).*

20 C.F.R. § 404.1504 (emphasis added); *see also Alvarez v. Colvin*, 562 Fed. App'x. 553 (9th Cir. 2014) (citing 20 C.F.R. § 404.1504) ("An ALJ is 'not bound' by a physician's finding that a claimant 'was temporarily totally disabled for purposes of California workers' compensation.'"). However, while the regulations make clear that the ALJ is not bound by a worker's compensation decision as to whether a plaintiff is disabled or entitled to benefits, they also direct that the evidence underlying a governmental decision must still be considered. *See* 20 C.F.R. § 404.1504. Further, it is well settled in the Ninth Circuit that the ALJ "may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings." *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002); *Ana A. v. Kijakaji*, 2022 WL 3348929, at

\*3 (Aug. 12, 2022) (holding that ALJ erred by failing to explain why work restrictions assessed as part of a worker's compensation proceeding were rejected); *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them.").

Here, aside from a single reference in the summary of medical evidence that Plaintiff was restricted to "no bending, stooping, or lifting/carrying over 10 pounds" (AR 19), the ALJ failed to address the functional limitations opined by Dr. Dugal and Dr. Siddiqui assessed in connection with Plaintiff's worker's compensation claim. Rather, the ALJ summarily dismissed "medical evidence in the file produced" as part of Plaintiff's worker's compensation claim as unpersuasive solely because "the two program have different criteria for evaluation and policy goals," while explicitly conceding that the medical evaluations "are relevant in that they contain assessments that are useful for determining the claimant's functional ability." (AR 21). This was error. *See Hill*, 698 F.3d at 1161 (when the ALJ improperly ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete . . . [disability] determination."). Moreover, the ALJ failed entirely to explain whether or how he considered the supportability and consistency factors with regards to Dr. Dugal and Dr. Siddiqui's opinions. *See Woods*, 32 F.4th at 792 ("The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)."). Thus, even were the Court to infer that the ALJ found the medical opinions of Dr. Dugal and Dr. Siddiqui, as part of the "medical evidence in the file produced" during the "worker's compensation process" were "not persuasive," the finding is not supported by substantial evidence.

Defendant argues that "any error the ALJ possibly made by not specifically detailing Drs. Dugal and Siddiqui's temporary limitations was harmless." (Doc. No. 26 at 15). The reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). In

support of this argument, Defendant cites the ALJ's consideration of Dr. Michael Charles' opinion, as part of Plaintiff's worker's compensation claim, determining that Plaintiff had reached maximum medical improvement and restricting her from heavy work activity, with no "repetitive bending, stooping, lifting in regard to her lumbar spine." (AR 21 (citing AR 280-86)). The ALJ "noted that the restriction from heavy work and repetitive postural activities is consistent with [his RFC] determination that [Plaintiff] was capable of light work with limited postural activities as described." (AR 21). Thus, according to Defendant, any error in considering Dr. Dugal and Dr. Siddiqui's opinions was harmless because "the worker's compensation evidence was generally consistent with a finding that Plaintiff could perform a range of light work." (Doc No. 26 at 15).

This argument is inapposite. First, to the extent Defendant is implying that the ALJ properly rejected Dr. Dugal and Dr. Siddiqui's opinions because they were "temporary in nature," Plaintiff correctly argues that the Court is not permitted to consider this reasoning because it was not offered by the ALJ in the decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Moreover, the Court's review of the record indicates that Dr. Charles limited Plaintiff to no repetitive lifting which arguably is not consistent with a light RFC assessed by the ALJ, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b); AR 286.

For all of these reasons, the Court cannot confidently conclude that the disability determination would stay the same were the ALJ to fully credit the opinions of Dr. Dugal, Dr. Siddiqui, or Dr. Charles. *See Hill*, 698 F.3d at 1161. The ALJ erred by failing to properly evaluate the opinions of Dr. Dugal and Dr. Siddiqui. On remand, the ALJ must properly evaluate their opinions along with the relevant medical opinion evidence.

**B. Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." for two reasons: (1) they are unsupported by the objective evidence of record and (2) they are inconsistent with Plaintiff's daily activities. (AR 19-23).

The ALJ's entire finding regarding Plaintiff's daily activities consists of the following: "Claimant's ability to do light housework, all personal needs, some shopping, easy-meal preparation, and drive, are inconsistent with the alleged presence of a condition that would preclude all work activity." (AR 23). Plaintiff argues this was not a clear and convincing reason to discount her symptom claims because her self-reported daily activities are consistent with her

11

alleged limitations. (Doc. No. 20 at 11-12). The Court agrees. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability.").

Here, in support of this finding, the ALJ generally cites Plaintiff's reports in hearing testimony and a pain questionnaire she filled out in November 2018 that she could do light housework, attend to personal meals, do shopping, make easy meals, and drive. (AR 45-46, 208-19). However, the ALJ did not consider Plaintiff's testimony that she takes frequent breaks, only drives short distances, and goes on short shopping trips with help from her son if she needs more items; and her self-reports on the pain questionnaire that she has pain all the time, can only do household chores or shopping for 10 minutes before she needs to stop, and needs assistance to unload her car, carry bags, move things around the house, and do yardwork. (AR 46, 208-10). As noted by Plaintiff, she "did not testify to an unimpaired ability to do household chores, self-care, and errands, but that she has limited ability to perform these tasks and frequently needs to rest. She alleged specifically that her inability to rest between tasks is the reason she could not return to work." (Doc. No. 20 (citing AR 48)). The ALJ cited no evidence suggesting that the limited activities cited in the decision were performed by Plaintiff in a manner transferable to a work setting, particularly with regard to Plaintiff's need for regular breaks, nor did the ALJ describe activities that contradict her reported symptom claims. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Thus, this is not substantial evidence to support the ALJ's reasoning.

Furthermore, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly

undermines those statements. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). Here, the ALJ did not identify the specific testimony that he found not to be credible, nor did he offer explanations for why the cited evidence of Plaintiff's ability to perform basic activities of daily living undermines Plaintiff's symptom claims, particularly as to her need to take frequent breaks. Thus, the ALJ's finding that Plaintiff's daily activities were inconsistent with her claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount her symptom claims.

Second, the ALJ found Plaintiff's symptom claims are unsupported by "the objective evidence of record," including, but not limited to, ongoing MRI imaging of the lumbar spine that resulted in diagnoses of chronic lumbar radiculopathy, annular ligament tear, spondylolisthesis with 5 mm displacement at L4-5, chronic thoracic spine sprain, and grade I spondylolisthesis with a right L5-S1 herniated disc. (AR 21-22). However, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective evidence, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857 (emphasis added))); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed above, the additional reason given by the ALJ for discounting Plaintiff's symptom claims was not supported by substantial evidence. Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported

by substantial evidence, for rejecting Plaintiff's symptom claims. On remand, the ALJ must reconsider Plaintiff's symptom claims.

### C. Remedy

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical evidence of record, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the undersigned recommends remanding this case for further proceedings. On remand, the ALJ should reevaluate all relevant medical opinions, as well as Plaintiff's symptom claims. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **RECOMMENDED**:

Plaintiff's Motion for Summary Judgment (Doc. No. 20) be GRANTED. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSE the Commissioner's decision and REMAND this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

1  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
2  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    September 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE